IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER BOHNENSTIEHL and TIMOTHY BOHNENSTIEHL, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 16-CV-306-NJR-DGW ) |
| MCBRIDE, LOCK, and ASSOCIATES, LLC, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiffs Jennifer and Timothy Bohnenstiehl filed a putative class action on January 25, 2016, in the Circuit Court of St. Clair County, Illinois, against Defendant McBride, Lock, and Associates, LLC ("McBride"). McBride is a certified public accounting firm retained by the Department of Justice to perform audits of bankruptcy petitions, including Plaintiffs' Chapter 13 bankruptcy petition filed in the United States Bankruptcy Court for the Southern District of Illinois. In November 2015, a McBride email account was hacked, which Plaintiffs believe compromised the security of personal information on file with McBride, most notably social security numbers. After being notified of the breach, Plaintiffs filed their putative class action asserting a common law negligence claim for failure to exercise reasonable care in safeguarding and protecting social security number information from unauthorized access, as well as claims under the Illinois Personal Information Protection Act, 815 ILL. COMP. STAT.

530/1, *et seq.*, and the Missouri Personal Information Protection Act, Mo. Rev. Stat. § 407.1500, for failure to disclose the breach in the most expedient time possible.

McBride removed this case to federal court on March 21, 2016, under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA") (Doc. 1). Plaintiffs filed a timely motion to remand, arguing that the amount in controversy does not exceed the statutory threshold (Doc. 8). McBride filed a response in opposition to the motion to remand (Doc. 16), as well as a motion to dismiss, which sets forth a number of arguments related to personal jurisdiction, standing, and failure to state a claim (Doc. 13).

The motion to remand (Doc. 8) and the motion to dismiss (Doc. 13) are both currently before the Court. For the reasons explained below, the motion to remand is granted, and this case is remanded to the Circuit Court of St. Clair County, Illinois. In light of the remand, the Court declines to address the motion to dismiss.

## Discussion

Under CAFA, a federal district court has original jurisdiction over a putative class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy—determined by aggregating the claims of all class members—exceeds $5 million, exclusive of costs and interest. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013); 28 U.S.C. § 1332(d)(2), (d)(5)(B). Plaintiffs alleged in their original complaint that the class at least 100 members (Doc. 1-1, ¶12); McBride agreed and alleged that the class actually has somewhere around 227 members (Doc. 1). It is undisputed that minimal diversity exists because Plaintiffs are citizens of Illinois

while McBride is a citizen of Missouri (Doc. 1; *see* Doc. 8). Thus the only issue for the Court is whether the amount in controversy exceeds the statutory threshold of $5 million.

McBride alleged in the notice of removal that the amount in controversy was at least $7.5 million and possibly as high as $17 million. To reach the low figure, McBride relied on allegations in the original complaint that the class consisted of at least 100 members "with individual monetary claims not in excess of $75,000.00, exclusive of interest and costs" (Doc. 1; Doc. 1-1, ¶¶11, 12). McBride interpreted those allegations to mean that each of the 100 class members had a possible claim of up to $75,000 (Doc. 1, p. 6). Thus, according to McBride, simple math dictates that the amount in controversy as pleaded by Plaintiffs is potentially $7.5 million (100 members x $75,000 = $7,500,000) (Doc. 1, p. 6). To reach the high figure, McBride used its own estimate regarding the size of the class—227 putative members—multiplied by $75,000, which increases the amount in controversy to over $17 million (227 members x $75,000 = $17,025,000) (Doc. 1, p. 6).

Plaintiffs dispute that each class member has a possible claim of up to $75,000 (*see* Doc. 8). They argue that McBride's assertion to that effect is based on nothing more than the simple fact that persons with claims over that amount are excluded from the proposed class (Doc. 8, p. 1). Plaintiffs go on to point out that in order to exceed the jurisdictional limit of $5 million, each of the 227 class members would have to have damages of more than $22,026, which they claim is "so exceedingly unlikely as to be comical to suggest it" ($5,000,000 / 227 members = $22,026.43) (Doc. 8, p. 3). They further claim that makes McBride's suggestion that the amount in controversy might possibly be

over $17 million is "so frivolous as to raise serious questions about the good faith of Defendant" (Doc. 8, p. 3).

Because Plaintiffs have contested McBride's allegation that the amount in controversy exceeds the jurisdictional threshold, McBride "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006)); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) ("If the party opposing federal jurisdiction contests the amount in controversy, the proponent must prove those jurisdictional facts by a preponderance of the evidence.") (internal quotation marks and citation omitted). Of course, "[t]hat is easier said than done when the plaintiff . . . does not want to be in federal court and provides little information about the value of her claims." *Oshana*, 472 F.3d at 511. "In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.*; *accord Blomberg*, 639 F.3d at 764.

To that end, McBride "does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Blomberg,* 639 F.3d at 764; *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks."). If McBride plausibly explains how the stakes exceed $5 million, "then the case remains in federal court unless the plaintiff can show it is *legally impossible*

to recover that much." *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 771 (7th Cir. 2014) (emphasis in original); *ABM Security Services, Inc. v. Davis,* 646 F.3d 475, 478 (7th Cir. 2011); *Blomberg,* 639 F.3d at 764.

Here, the complaint does not make a specific demand for damages (*see* Doc. 1-1). McBride nevertheless contends that the complaint is sufficient on its face to establish the amount in controversy because the class definition excludes any individuals with damages over $75,000 (Doc. 16). McBride contends this exclusion makes it "plausible that each putative class member could have damages up to the maximum sum of $75,000, exclusive of interest and costs" (Doc. 16, p. 4). Therefore, according to McBride, whether the class consists of 100 members or 227 members, the aggregate amount in controversy as pleaded by Plaintiffs clearly exceeds the $5 million jurisdictional threshold (Doc. 16).

However, just because the class definition excludes individuals with damages over $75,000, it does not automatically follow that $75,000 is the amount of damages each class member is claiming. Furthermore, because Plaintiffs have contested that each class member is claiming $75,000 in damages, it is incumbent on McBride to actually establish by a preponderance of the evidence the amount that each class member, or the class as a whole, stands to recover. The Seventh Circuit has suggested several ways in which this can be done. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (explaining that a removing defendant can establish amount in controversy by contention interrogatories or admissions in state court; calculations of the potential damages based on facts and theories of recovery alleged in the complaint; reference to

the plaintiff's informal estimates or settlement demands; or affidavits from defendant's employees or experts about how much it would costs to satisfy the plaintiff's demands); *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 845 (7th Cir. 2009) (explaining that amount in controversy can be established from "cases in which the plaintiffs had suffered similar injuries, and the jury awarded pain and suffering damages in amounts that would satisfy the jurisdictional requirements").

But McBride did none of those things. Instead, it relied solely on a bald assertion and completely ignored its obligation to support its assertion with facts. And given the nature of the relief sought by Plaintiffs—"the cost of credit monitoring and time and expense in safeguarding their identities and personal information" plus attorney fees (Doc. 1-1)—the Court finds it difficult to believe that the various forms of relief could reach $75,000 per class member or $5 million in the aggregate. *See, e.g., Barel v. Bank of Am.*, 255 F.R.D. 393, 402 (E.D. Pa. 2009) (approving a class-action settlement that provided non-customers, whose credit reports had been improperly accessed by the defendant, with four months of credit monitoring and other relief that amounted to approximately $52 for each class member); *In re TJX Companies Retail Sec. Breach Litig.*, 584 F. Supp. 2d 395, 400 (D. Mass. 2008) (approving class settlement for victims of retail security breach in which it was estimated that three years of credit monitoring would cost $390); Vincent R. Johnson, *Credit-Monitoring Damages in Cybersecurity Tort Litigation*, 19 GEO. MASON L. REV. 113, 116, n.18 and 19 (2011) (noting that "[b]asic credit monitoring is not expensive" and discussing options ranging from approximately $9 per month to $30 per month).

In conclusion, the Court finds that McBride failed to support its prediction regarding the amount in controversy with any evidence or plausible explanation. Therefore, subject matter jurisdiction is lacking, and this case must be remanded. Additionally, Plaintiffs tacked on to the end of the motion to remand a request for costs and fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c) (Doc. 8). This cursory request is denied because it is unsupported by sufficient argument or documentation.

## CONCLUSION

The motion to remand (Doc. 8) is **GRANTED**, and this action is **REMANDED** to the Circuit Court for St. Clair County, Illinois. In light of the remand, the Court **DECLINES** to address the motion to dismiss; it is **DENIED as moot**, subject to refiling in the state court following remand, if appropriate. The Court also **DECLINES** to award Plaintiffs costs and fees under 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

DATED: November 22, 2016

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**
